(No. 2235— ▆▆▆▆▆)

WILLIAM J. BOMKAMP, ADMINISTRATOR OF THE ESTATE OF RAYMOND BOMKAMP, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

CLIFFORD G. ROE and CHARLES J. TRAINOR, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint herein alleges that prior to and on the 18th day of August, A. D. 1932, Raymond Bomkamp was a student at the Morton Park High School in Cicero; that the school authorities of the Town of Cicero, in co-operation and conjunction with the Department of Commerce of the State of Illinois had inaugurated and was then conducting as a part of the curriculum of said school, studies in aeronautics and mechanics, under the direction and supervision of a Mr. Stiver; that the salary of said Stiver was paid by the State of Illinois and the Township of Cicero, in equal portions; that said studies in aeronautics and mechanics did not include the art of flying or controlling an airship; that said Stiver was possessed of an airship and at times took students of the school on flying expeditions; that on said 18th day of August, 1932, said aeroplane was not in good working order and condition, but was in bad condition and unsafe for flying, and had been in that condition for a long time prior thereto; that the unsafe condition of said aeroplane was known to the authorities of said School District of Cicero, and to the "authorities of the State of Illinois"; that the authorities of said School District also knew that said Stiver had taken his students for rides in said defective aeroplane on divers occasions.

That on said 18th day of August, 1932, said Raymond Bomkamp was riding in said machine at the request of said Stiver; that when said machine was at an altitude of several hundred feet, by reason of the defective condition thereof, it fell and both Stiver and Raymond Bomkamp were killed; that the claimant's intestate was at all times in the exercise of due care and caution for his own safety; that claimant is the duly appointed, qualified and acting administrator of the estate of said decedent, and seeks to recover the sum of $10,000.00 as the pecuniary damages sustained by the next of kin of said decedent by reason of his death.

The Attorney General has moved to dismiss the case on the ground that there is no liability on the part of the State under the facts set forth in the complaint.

The basis of the claim against the State is not entirely clear. It is difficult to determine whether claimant contends that Stiver was an agent of the State, and that he was guilty

of negligence in the operation of the aeroplane, for which the State is liable;—or whether he contends that the ''authorities of the State of Illinois'' were negligent in permitting Stiver to take students for rides in an aeroplane which they knew to be defective. In either event there is no liability on the part of the State. Even if it be conceded that the State was co-operating with the Morton Park High School in conducting studies in aeronautics and mechanics, as set forth in the complaint, such work would constitute the exercise of a governmental function. The rule that in the exercise of its governmental functions the State is not liable for the negligence of its servants and agents, has been applied so often by this court, that the citation of authorities is unnecessary.

We have also repeatedly held that we have no authority to allow an award in any case unless there would be a liability on the part of the State, either at law or in equity, if the State were suable. *Crabtree* vs. *State*, 7 C. C. R. 207; *Kramer* vs. *State*, 8 C. C. R. 31; *Shumway* vs. *State*, 8 C. C. R. 43.

There being no liability on the part of the State under the facts set forth in the complaint, we have no authority to allow an award.

The motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.